```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**HENRY DOZIER, INDIVIDUALLY, AND ON
BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF ADA M. DOZIER AND
ALL WHO ARE ENTITLED TO RECOVER
UNDER THE WRONGFUL DEATH AND
SURVIVAL STATUTE AND STEPHANIE
DOZIER, A MINOR, BY AND THROUGH HER
NATURAL GUARDIAN AND NEXT FRIEND,
HENRY DOZIER**                                             **PLAINTIFFS**

**VS.**                                **CIVIL ACTION NO. 3:04CV352-WHB-AGN**

**FORD MOTOR COMPANY AND JOHN DOES**                        **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on Plaintiffs' Motion to Alter or Amend Order.  Having considered the Motion, Response and Rebuttal, as well as supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

### I.  Factual Background and Procedural History

Through an Opinion and Order rendered by the undersigned on October 31, 2005 (hereinafter "October 31 Opinion"), and filed with the Clerk of the Court on the same day under docket entry no. 34, Plaintiffs' second Motion to Remand was denied.  Counsel for Plaintiffs were also ordered to pay sanctions of $1,000.00 to Defendant for the filing the frivolous Motion to Remand.  Aggrieved by the sanctions aspect of the October 31 Opinion, Plaintiffs filed

the subject Motion to Alter or Amend on November 7, 2005. That Motion is now ripe for consideration.

## II. Analysis

Motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure. A judgment or order may be altered or amended under Rule 59(e) if: (1) a need to correct a manifest error in law or fact exists; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003)(citations omitted). The United States Court of Appeals for the Fifth Circuit has set forth the following additional factors to consider when entertaining such a motion: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. Sturges v. Moore, 73 Fed. App'x 777, 778 (5th Cir. 2003) (citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994)).

Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. <u>Atkins v. Marathon Le Torneau Co.</u>, 130 F.R.D. 625, 626 n.1. (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." <u>Id.</u>

In the subject Motion, Plaintiffs argue that "this Court is obligated to correct a clear error of law and/or prevent manifest injustice concerning its ruling as [it] relates to its award of attorney[s]' fees and costs to Defendant, Ford." Motion, p. 1. Plaintiffs contend that the Court was wrong in assessing sanctions against them because the <u>Colorado River</u> abstention argument asserted in the second Motion to Remand is supported by applicable case law. To the extent that Plaintiffs' abstention argument is supported by case law from the United States Courts of Appeals for the Second, Seventh and Ninth Circuits, Plaintiffs are correct. However, as set forth in the October 31 Opinion, Plaintiffs' abstention argument clearly is *not* supported by *binding* Fifth Circuit law. A litigant may not justifiably assert non-binding case law in support of a legal argument when binding case law holds contrary. Accordingly, the Motion to Alter or Amend must be denied, and *counsel for Plaintiffs* must pay the $1,000.00 sanction amount to Defendant on or before **Monday, November 28, 2005.**

3

### III. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Plaintiff's Motion to Alter or Amend Order (docket entry no. 35) is hereby denied, with all parties to bear their own costs associated with this Motion.

IT IS FURTHER ORDERED that counsel for Plaintiffs must pay sanctions totaling $1,000.00 to Defendant, care of counsel for Defendant, on or before **Monday, November 28, 2005**.

SO ORDERED this the 18th day of November, 2005.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct